NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JILL FEENEY (Cal. Bar No. 218506)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2429
     Facsimile: (213) 894-6269
     E-mail:   jill.feeney@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(D) | No. 2:18-MJ-01983<br><br>APPLICATION |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby applies <u>ex parte</u> for an order pursuant to 18 U.S.C. § 2703(d) to require Google, Inc. (the "PROVIDER"), an electronic communications service and remote computing service provider, located at 1600 Amphitheatre Parkway, Mountain View, CA 94025, to provide records and other information pertaining to the following e-mail accounts hosted by the PROVIDER ("the SUBJECT ACCOUNTS"):

- ckb1888@gmail.com
- uskk1800@gmail.com

Specifically, the government is seeking an order pursuant to § 2703(d) to require the PROVIDER to provide records and other information pertaining to the storage and transmission path of the following e-mail messages sent from one of the SUBJECT ACCOUNTS on the dates set forth below, and as described more fully in Attachment A to the proposed order (the "SUBJECT E-MAIL"):

| SENT DATE | FROM | TO | RECEIVED BY |
|---|---|---|---|
| 8/4/13 | ckb1888@gmail.com | alan235@yahoo.com and multiple recipients | uskk1800@gmail.com |

A description of the records and other information requested is set forth in this application and as Attachment A to the proposed order.

LEGAL BACKGROUND

1.  As set forth below, the government's investigation has revealed reasonable grounds to believe that the PROVIDER has records and other material information that are relevant and material to an ongoing criminal case.  Because the PROVIDER functions as an electronic communications service and remote computing service provider, pursuant to 18 U.S.C. §§ 2510(15) and 2711(2), compelled disclosure by the government of certain records held by it is governed by 18 U.S.C. § 2703.

2.  In the present case, and as set forth in Attachment A, the government seeks to obtain basic subscriber information regarding the storage and transmission path of the SUBJECT E-MAIL.  To obtain such, the government must comply with the dictates of Section 2703(c)(1)(B), which provides, in pertinent part that:

> A governmental entity may require a provider of electronic communication service or remote computing service to

2

      disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity

      . . .

      (B) obtains a court order for such disclosure under subsection (d) of this section . . . .

18 U.S.C. § 2703(c)(1)(B).[1]

    3.   Section 2703(d), in turn, provides, in pertinent part:

      A court order for disclosure under subsection . . . (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the . . . records or other information sought, are relevant and material to an ongoing criminal investigation. . . . A court issuing an order pursuant to this section, on a motion made promptly by the service provider, may quash or modify such order, if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider.

18 U.S.C. § 2703(d).

    4.   This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  See 18 U.S.C. § 2703(d).  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated and/or is in a district in which the PROVIDER is located or in which the items described in Attachment A are stored.  18 U.S.C. §§ 2711(3)(A)(i), (ii).

    5.   The facts provided to the government by Federal Bureau of Investigation ("FBI") Special Agent Abigail Coons, which are set forth below, provide reasonable grounds to believe that the records

---

[1] Because the government is not seeking the content of any e-mail or other communication, there is no notification requirement. 18 U.S.C. §§ 2703(b), 2705.

3

and other information sought are relevant and material to an ongoing criminal investigation.  See 18 U.S.C. § 2703(d).

RELEVANT FACTS

6.  Defendant Daliang Guo has been indicted for conspiracy and wire fraud in connection with his participation in a scheme to sell investments in a company known as CKB or CKB 168.  Attached at Exhibit 1 is a copy of the first superseding indictment.  The case is scheduled for trial before the Honorable Dale S. Fischer on September 4, 2018.

7.  During the course of the criminal case, the government obtained a search warrant for uskk1800@gmail.com, an email account used by Kiki Lin, a co-defendant of defendant Guo.  Attached at Exhibit 2 is a copy of information obtained pursuant to that warrant.

8.  The information obtained indicates that on August 4, 2013, defendant Guo, using email address ckb1888@gmail.com, forwarded by email a power point about CKB to alan235@yahoo.com and multiple recipients.  The information also indicates that on August 5, 2013 (UTC), this email and attached power point were received by Kiki Lin at email address uskk1800@gmail.com.

9.  Interstate transmission of a wire communication, such as an e-mail message, is a necessary showing to establish wire fraud.  The particular email at issue here relates to Count Thirteen of the pending indictment.

10.  Providers frequently maintain information about the transmission path of e-mails sent using their servers as part of the protocols for routing e-mails.  That information can include the

Internet Protocol address and physical location of servers used to transmit a message from one e-mail account to another.

RECORDS AND INFORMATION SOUGHT

11. Accordingly, because there are reasonable grounds to believe that the records sought are relevant and material to an ongoing criminal matter, this application seeks the specific records that are set forth in Attachment A to the accompanying Proposed Order.

12. The information sought should be readily accessible to the PROVIDER by computer search, and its production should not prove to be burdensome.

WHEREFORE, it is respectfully requested that the Court grant the accompanying Proposed Order, directing the PROVIDER to provide the requesting agency with the records and information described in Attachment A within seven days of receipt of the Court's Order.

Dated: July 31, 2018         Respectfully submitted,

                             NICOLA T. HANNA
                             United States Attorney

                             LAWRENCE S. MIDDLETON
                             Assistant United States Attorney
                             Chief, National Security Division


                                   /s/
                             JILL FEENEY
                             Assistant United States Attorney

                             Attorneys for Applicant
                             UNITED STATES OF AMERICA

5

# EXHIBIT 1

FILED
CLERK, U.S. DISTRICT COURT
APR 1 9 2018
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2017 Grand Jury

| UNITED STATES OF AMERICA, | Case No. CR 15-00475(A)-DSF |
|---|---|
| Plaintiff, | **FIRST SUPERSEDING INDICTMENT** |
| v. | |
| DALIANG GUO, aka "David Guo," | [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 2: Aiding and Abetting and Causing an Act to Be Done] |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.   INTRODUCTORY ALLEGATIONS

1.   At all times relevant to this First Superseding Indictment, defendant DALIANG GUO, also known as ("aka") "David Guo" ("defendant GUO"), was a resident of New York.

2.   At all times relevant to this First Superseding Indictment, WIN168 Biz Solutions, Ltd., CKB168 Ltd., CKB168 Holdings, Ltd., CKB168 Biz Solutions Inc., Cyber Kids Best Education Limited, and

CKBMax were entities that collectively operated under the business name "CKB168" or "CKB" (collectively "CKB").

3.   At all times relevant to this First Superseding Indictment, defendant GUO, together with Cheong Wha Chang, aka "Heywood Chang," ("Chang"), Toni Tong Chen ("Chen"), Wen Chen Lee, aka "Wendy Lee," ("Lee"), and Chih Hsuan Lin, aka "Kiki Lin" ("Lin"), promoted CKB and solicited investments in CKB within the Central District of California and elsewhere, primarily from members of the Chinese-American communities in Los Angeles, San Francisco, and New York City.

B.   OBJECT OF THE CONSPIRACY

4.   Beginning in or about May 2011, and continuing through at least in or about January 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendant GUO combined, conspired, and agreed with Chang, Chen, Lee, Lin, and others known and unknown to the Grand Jury to commit an offense against the United States, namely, wire fraud, in violation of Title 18, United States Code, Section 1343.

C.   MANNER AND MEANS OF THE CONSPIRACY

5.   The object of the conspiracy was carried out, and to be carried out, in substance, as follows:

   a.   Defendant GUO and others solicited and obtained investments in CKB from victims by falsely representing, and causing others to falsely represent, to those victims that:

      i.   CKB was a successful and profitable business that sold web-based children's educational courses;

    ii.  with each investment of $1,380, an investor would receive "Profit Reward Points," commonly known as "PRPTs," that were worth $750 and could be exchanged for money;

    iii.  PRPTs would increase in value as a passive investment, even if investors did not actively recruit new investors to CKB or sell CKB courses;

    iv.  PRPTs were analogous to, or could be converted into, pre-IPO or future shares of CKB that would increase greatly in value when CKB went public;

    v.  CKB definitely would go public; and

    vi.  There was no risk of loss involved in investing in CKB.

  b.  In soliciting and obtaining investments in CKB from victims, defendant GUO and others failed to disclose to, and concealed from, those victims the following material facts, among others:

    i.  CKB did not earn significant, if any, revenue from selling web-based children's educational courses -- rather, the overwhelming majority of CKB's revenues came from new investors;

    ii.  PRPTs could not be exchanged for money, were essentially illiquid, and would not significantly increase in value as a passive investment -- the only way for investors to earn any meaningful returns was for them to actively recruit new investors in CKB; and

    iii.  There was no guarantee that CKB would go public.

  c.  Defendant GUO, together with others, concealed their material misrepresentations and omissions from the victims, and

lulled, and caused others to lull, the victims into maintaining and increasing their investments with CKB by:

  i. Assigning a dollar value to each PRPT and telling victims that they had earned certain returns on their PRPTs;

  ii. Giving victims access to "back office" accounts, which were online accounts that showed the number and purported value of victims' PRPTs;

  iii. Creating a trading platform on websites that purportedly allowed victims to exchange their PRPTs for money; and

  iv. Offering to refund certain victims' investments.

 d. After the SEC filed a civil enforcement action against defendant GUO and others, <u>SEC v. CKB168 Holdings Ltd., et al.</u>, Case No. 13-CV-5584-RRM-RLM (E.D.N.Y. 2013), defendant GUO and others sought to conceal their misrepresentations and omissions by attempting to prevent the SEC from obtaining relevant documents and information.

D.  <u>OVERT ACTS</u>

 6. On or about the following dates, in furtherance of the conspiracy, and to help accomplish its object, defendant GUO and his co-conspirators committed, and willfully caused others to commit, the following overt acts, among others, in the Central District of California and elsewhere:

<u>Overt Act #1</u>: In or about October 2011, defendant GUO gave a presentation about CKB, videos of which were posted on YouTube on or about October 31, 2011 to assist in soliciting investments in CKB.

<u>Overt Act #2</u>: On or about March 2, 2012, after J.J.L. was solicited by defendant GUO, CKB received an investment of $82,000 from J.J.L.

4

Overt Act #12: On or about October 15, 2013, defendant GUO, Chang, Chen, Lee, and Lin agreed not to provide certain information, documents, and data about CKB to the SEC in its lawsuit against defendant GUO and others.

## COUNTS TWO THROUGH THIRTEEN

## [18 U.S.C. §§ 1343, 2]

7. The Grand Jury incorporates by reference and realleges paragraphs 1 through 3 and 5 and 6 of this First Superseding Indictment as though set forth herein in their entirety.

8. Beginning in or about May 2011, and continuing through at least in or about January 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendant DALIANG GUO, also known as ("aka") "David Guo" ("defendant GUO"), together with Chang, Chen, Lee, Lin, and others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud victim investors in CKB as to material matters, and to obtain money and property from those victim investors, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts, which scheme was carried out as set forth in paragraphs 5 and 6 of this First Superseding Indictment.

9. On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant GUO, Chang, Chen, Lee, and Lin, for the purpose of executing and attempting to execute the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire and radio communication in interstate and foreign commerce:

///

///

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| TWO | February 13, 2012 | Wire transfer of approximately $19,320 from the Wells Fargo Bank account of D.D. in the United States to the HSBC Bank account of a CKB entity in Hong Kong, which is part of the People's Republic of China |
| THREE | May 1, 2012 | Wire transfer of approximately $47,000 from the Wells Fargo Bank Account of USA Trade Group, Inc. in the United States to the HSBC Bank account of a CKB entity in Hong Kong, which is part of the People's Republic of China |
| FOUR | June 18, 2012 | Wire transfer of approximately $68,238 from the Citi Bank account of X.Y.W. through the Federal Reserve wire network between Texas and New Jersey to the HSBC Bank account of a CKB entity in Hong Kong, which is part of the People's Republic of China |
| FIVE | July 19, 2012 | Wire transfer of approximately $48,000 from the East West Bank account of H.W. through the Federal Reserve wire network between Texas and New Jersey to the HSBC Bank account of a CKB entity in Hong Kong, which is part of the People's Republic of China |
| SIX | August 14, 2012 | Wire transfer of approximately $22,000 from the East West Bank account of X.P.D. through the Federal Reserve wire network between Texas and New Jersey to the HSBC Bank account of a CKB entity in Hong Kong, which is part of the People's Republic of China |
| SEVEN | November 27, 2012 | Wire transfer of approximately $372,585 from the East West Bank account of W.L. doing business as H.A.M. Inc. and T.F. through the Federal Reserve wire network between Texas and New Jersey to the HSBC Bank account of a CKB entity in Hong Kong, which is part of the People's Republic of China |

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| EIGHT | January 30, 2013 | Transmission over the internet, which made it available throughout the United States and the world, of a YouTube video of Chang soliciting investments in CKB |
| NINE | March 22, 2013 | Wire transfer of approximately $50,000 from the East West Bank Account of EZ Stock Club Corporation through the Federal Reserve wire network between Texas and New Jersey to the Shanghai Commercial Bank account of a CKB entity in Hong Kong, which is part of the People's Republic of China |
| TEN | April 25, 2013 | Transmission over the internet, which made it available throughout the United States and the world, of a YouTube video of defendant GUO soliciting investments in CKB |
| ELEVEN | June 6, 2013 | Wire transfer of approximately $62,000 from the Fifth Third Bank account of A.J.F. through the Federal Reserve wire network between Texas and New Jersey to the Shanghai Commercial Bank account of a CKB entity in Hong Kong, which is part of the People's Republic of China |

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| TWELVE | June 12, 2013 | Wire transfer of approximately $66,120 from the Fifth Third Bank account of L.Z.H. through the Federal Reserve wire network between Texas and New Jersey to the Shanghai Commercial Bank account of a CKB entity in Hong Kong, which is part of the People's Republic of China |
| THIRTEEN | August 4, 2013 | Transmission via the internet of a PowerPoint presentation for use in soliciting CKB investors |

A TRUE BILL

/s/
Foreperson

NICOLA T. HANNA
United States Attorney

Scott Garninger
Deputy Chief, Criminal Division For:
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

JILL FEENEY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

# EXHIBIT 2

### entry_6049210551.eml

| | |
|---|---|
| **From:** | David Guo <ckb1888@gmail.com> |
| **Sent:** | Sunday, August 4, 2013 8:41 PM |
| **To:** | alan235@yahoo.com |
| **Subject:** | Fwd: PPT (SC) |
| **Attach:** | CKBMax (SC)_Aug2_2013.ppt; Untitled attachment 00353.htm |

以下是转发的邮件：

发件人: Howard Shern <hshern@hotmail.com>
日期: August 3, 2013 9:33:06 PM GMT+08:00
主题: FW: PPT (SC)

From: hshern@hotmail.com
Subject: RE: PPT (SC)
Date: Sat, 3 Aug 2013 09:27:12 -0400

Leaders

Pls see the PPt in Simplfied Chinese.

Howard

CKBST-107755

CKBST-114212

| | |
|---|---|
| Delivered-To: | uskk1800@gmail.com |
| Received: | by 10.194.192.194 with SMTP id hi2csp76483wjc; Mon, 5 Aug 2013 02:15:08 -0700 (PDT) |
| X-Received: | by 10.68.228.102 with SMTP id sh6mr21286454pbc.138.1375694105912; Mon, 05 Aug 2013 02:15:05 -0700 (PDT) |
| Return-Path: | <ckb1888@gmail.com> |
| Received: | from mail-pa0-x230.google.com (mail-pa0-x230.google.com [2607:f8b0:400e:c03::230]) by mx.google.com with ESMTPS id pn6si16396383pbb.51.2013.08.05.02.14.59 for <multiple recipients> (version=TLSv1 cipher=ECDHE-RSA-RC4-SHA bits=128/128); Mon, 05 Aug 2013 02:15:04 -0700 (PDT) |
| Received-SPF: | pass (google.com: domain of ckb1888@gmail.com designates 2607:f8b0:400e:c03::230 as permitted sender) client-ip=2607:f8b0:400e:c03::230; |
| Authentication-Results: | mx.google.com; spf=pass (google.com: domain of ckb1888@gmail.com designates 2607:f8b0:400e:c03::230 as permitted sender) smtp.mail=ckb1888@gmail.com; dkim=pass header.i=@gmail.com |
| Received: | by mail-pa0-x230.google.com with SMTP id kp13so3054679pab.21 for <multiple recipients>; Mon, 05 Aug 2013 02:14:59 -0700 (PDT) |
| DKIM-Signature: | v=1; a=rsa-sha256; c=relaxed/relaxed; d=gmail.com; s=20120113; h=subject:references:from:content-type:message-id:date:to :content-transfer-encoding:mime-version:x-mailer; bh=gaMDb+C5sJqQ3B1t4NFBZdlzpqLUHagszHhpqly2pSg=; b=B0dtAbrw+myj32k4lxbQVYiznlexMA5Zz783G8CjxWoSQM9bAuR2yu2WZbnVT5RrQv Eqpq42g6yw05FEHEoAg68WkrWr46wnskMuBXA+sXRoczkILfD0j4aqWnoxhVUd2nGPXR X2M5okn+clP1fX+d9xyFa8qv4ofEaEmnUn57NisWxLy/il3lZY1yWPZBlURWNojmHL5b jw/7TyhDU24+JA+KgfmU87MpD5EZ8Cy2yrKZiMTi1ALYFfpzgbSmoEJydPHPOXytBi3v zbtazHyVtk4CNZBTOYLQbDHMM6ld5Z6uCffVkHelfeK5jrMbP38UrHd1NQwo+h/qD9mY oTpg== |
| X-Received: | by 10.67.22.99 with SMTP id hr3mr23843246pad.12.1375694097967; Mon, 05 Aug 2013 02:14:57 -0700 (PDT) |
| Return-Path: | <ckb1888@gmail.com> |
| Received: | from [192.168.1.102] ([119.57.100.8]) by mx.google.com with ESMTPSA id mr3sm26240655pbb.27.2013.08.05.02.06.38 for <multiple recipients> (version=TLSv1 cipher=ECDHE-RSA-RC4-SHA bits=128/128); Mon, 05 Aug 2013 02:14:47 -0700 (PDT) |
| References: | <BLU178-W128CE2CC0FF612122EA6B9C5520@phx.gbl> |
| Content-Type: | multipart/alternative; boundary=Apple-Mail-0AAFC5AA-B65E-47C5-B536-310255537E64 |
| Message-Id: | <9FB9DE7A-F60E-47ED-86CF-DF71F4D82DA3@gmail.com> |
| Content-Transfer-Encoding: | 7bit |
| Mime-Version: | 1.0 (1.0) |
| X-Mailer: | iPad Mail (9B206) |